IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00564-M-RJ

KATHERINE ELAINE FREW,

     Plaintiff,

v.

EMORTGAGE FUNDING LLC, et al.

     Defendants.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. [DE 44]. Having conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge Jones recommends that Plaintiff's complaint be dismissed in its entirety. *Id.* at 29. The M&R, along with instructions and a deadline for filing objections, was served on the parties on November 14, 2025. *See id.* On November 24, 2025, Plaintiff filed a timely objection. *See* DE 47. For the reasons described herein, Plaintiff's objections are overruled, and her complaint is dismissed.

## I. Background

On September 10, 2025, Plaintiff filed the operative complaint against Defendants EMortgage Funding LLC, Village Capital & Investments LLC, JS Title, PCN Network, and Leanne Poirrier, seeking declaratory, injunctive, and compensatory relief. *See* DE 5. Plaintiff brought federal statutory claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* at 3. Plaintiff also brought

state law claims for fraud, intentional and negligent infliction of emotional distress, wrongful eviction, slander of title, the unauthorized practice of law, N.C. Gen. Stat. § 84-10.1, and unfair and deceptive trade practices, N.C. Gen. Stat. § 75-1. *Id.* These claims stem from Plaintiff's default on a refinancing loan and the resulting foreclosure order entered by the Harnett County Superior Court. *Id.* at 2; *see also* DE 19-6 at 4 (Foreclosure Order). Plaintiff alleges, *inter alia*, that she exercised her right to rescind the loan agreement under the TILA and, accordingly, that the foreclosure order is void. *Id.* at 2–3.

On November 14, 2025, Judge Jones issued an M&R recommending that Plaintiff's complaint be dismissed. DE 44 at 29. Specifically, he found that to the extent Plaintiff sought declaratory relief concerning the state foreclosure order, her claims were barred by the *Rooker-Feldman* doctrine. DE 44 at 7. In all other respects, Judge Jones found that Plaintiff failed to state a claim upon which relief may be granted. *See id.* at 10–44. On November 24, 2025, Plaintiff filed a timely objection. *See* DE 47. In this posture, the case is ripe for review.

## II.     Legal Standards

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

2

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## III.  Discussion

Liberally construing Plaintiff's filing, she makes four "specific and particularized" objections to the M&R.[1] *See Midgette*, 478 F.3d at 621. First, she invokes the doctrine of *ultra vires* and argues that Judge Jones lacked the authority to issue a "dispositive recommendation." DE 47 at 1–3. Second, she argues that the *Rooker-Feldman* doctrine is inapplicable to this case. *Id.* at 4. Third, she argues that Judge Jones failed to apply the Supreme Court's decision in *Jesinosky v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015) to his analysis of Plaintiff's TILA claim. *Id.* at 1–2, 4. Finally, she argues that Judge Jones violated her due process rights by denying her motion to appoint counsel. *Id.* at 3. The court addresses each objection in turn.

### A.  *Ultra Vires* Objection

First, Plaintiff argues that Judge Jones lacked the authority to recommend the dismissal of her claims. *See id.* at 1. Specifically, she argues that in addressing matters beyond Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 2] and Motion to Appoint Counsel [DE 6],

---

[1] Plaintiff does not object to the sections in the M&R titled, "Standard of Review," "Procedural Background," "Factual Background," "Misjoinder of Poirrier," "RICO," "Wrongful Disclosure," "Slander of Title," or "Intentional and Negligent Infliction of Emotional Distress." Upon careful review of those sections of the M&R and the record presented, and finding no clear error, the court adopts those portions of the recommendation as its own. *See Diamond*, 416 F.3d at 315.

Judge Jones exceeded his authority. *Id.* That is incorrect. "The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). To "protect[] against abuses of this privilege," *id.*, district courts may dismiss an *in forma pauperis* complaint if the court finds that it "is frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In this district, when magistrate judges review a motion to proceed *in forma pauperis*, they simultaneously review the complaint to determine whether it is frivolous. *See, e.g.*, *Hagins v. Carrington Mortg. LLC*, No. 5:24-CV-217-M-BM, 2024 WL 3390440 (E.D.N.C. May 21, 2024); *Griffis v. U.S. Postal Serv.*, 5:21-CV-500-FL, 2022 WL 2655827 (E.D.N.C. June 22, 2022); *Hill v. Sch. Bd. of Robson Cnty.*, No. 7:18-CV-149-BO, 2018 WL 5020220 (E.D.N.C. Aug. 31, 2018). As such, Judge Jones had authority to conduct a frivolity review of the First Amended Complaint pursuant to § 1915(e)(2)(B).[2] Plaintiff's objection is overruled.

 B. *Rooker-Feldman* Objection

Second, Plaintiff argues that the *Rooker-Feldman* doctrine does not bar any of her claims. DE 47 at 4. Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). "The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision[.]" *Jordahl v. Democratic*

---

[2] Plaintiff cites to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 72.3(c) for the proposition that Judge Jones' "jurisdiction" is restricted to "pretrial matters." DE 47 at 2. The nuances of the Federal Magistrates Act notwithstanding, frivolity screening under § 1915 is a pre-trial matter, so Plaintiff's argument is unavailing.

4

*Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). As applied here, it precludes federal courts from entertaining complaints seeking to "undo" a "state court judgment foreclosing on their homes[.]" *See Smalley v. Shapiro & Burson, LLP*, 526 Fed. Appx. 231, 236 (4th Cir. 2013); *see also Brumby v. Deutsche Bank Nat. Trust Co.*, No. 1:09-CV-144, 2010 WL 617368, at *4 (M.D.N.C. Feb. 17, 2010) (recommending the dismissal of a complaint under the *Rooker-Feldman* doctrine because the plaintiff sought to "invalidate the judicial findings made in the state court foreclosure action"), *adopted by* 2010 WL 3219353, at *1 (M.D.N.C. Aug. 13, 2010).

Plaintiff argues that she is not seeking review of a final state court judgment because the foreclosure sale of her home has not yet occurred. DE 47 at 4. This argument misunderstands the law. In North Carolina, a foreclosure order by the Clerk of Court "is a judicial act" that "may be appealed to the judge of the . . . superior court having jurisdiction[.]" N.C. Gen. Stat. 45-21.16(d1). Accordingly, "[a]ny issue that the clerk decides in a foreclosure proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d) is conclusive unless appealed and reversed and cannot be relitigated in a subsequent lawsuit" in federal court. *Wiggins v. Planet Home Lending, LLC*, No. 5:14-CV-862-D, 2015 WL 3952332, *3 (E.D.N.C. June 29, 2015); *see also Carter v. Primelending*, No. 3:25-CV-00653-MEO-DCK, 2026 WL 613474, at *3 (W.D.N.C. Mar. 3, 2026) (finding that the court lacked subject matter jurisdiction over a claim challenging a state foreclosure proceeding because a foreclosure order entered by the Clerk of Court was a "final order"); *Newton v. Nationstar Mortg. LLC*, No. 7:15-CV-16-D, 2015 WL 3413256, at *2 (E.D.N.C. May 26, 2015) ("A clerk's judgment 'will stand as [the] judgment of the court.'") (quoting *In re Atkinson-Clark Canal Co.*, 234 N.C. 374, 377, 67 S.E. 2d 276, 278 (1951)). Here, the Clerk of the Harnett County Superior Court entered an order finding that the trustee for Plaintiff's mortgage could proceed with a foreclosure sale. *See* DE 19-6. For purposes of the *Rooker-Feldman* doctrine, this was a final order. *See*

5

*Newton* 2015 WL 3413256, at *2. Because this court lacks subject-matter jurisdiction to review that order, Plaintiff's objection is overruled.

C.    TILA Objection

Third, Plaintiff objects to Judge Jones' finding that she failed to state a claim for relief under the TILA. She argues that under the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015), her notice of recission was effective one she mailed it, thus rendering the refinancing loan "void as a matter of law." DE 47 at 4. As Judge Jones aptly explained, that is wrong.

The TILA was passed "to help consumers 'avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski*, 574 U.S. at 261 (quoting 15 U.S.C. § 1601(a)). "In furtherance of this goal, TILA requires lenders to make certain disclosures to borrowers." *Lavis v. Reverse Mortg. Sol., Inc.*, 40 F.4th 181, 183 (4th Cir. 2022) (citing § 1601(a)). It also provides that if a "borrower gives the lender a security interest in the borrower's home, the borrower may rescind, for any reason, within three business days from the closing or the delivery of forms containing 'material disclosures.'" *Id.* (quoting § 1635(a)). In *Jesinoski*, the Supreme Court held that a borrower exercises a right to rescind once he or she "provid[es] written notice to his lender." *Jesinoski*, 574 U.S. at 260. As applied here, that means Plaintiff exercised her right to rescind on September 19, 2023, when she mailed her rescission notice to EMortgage Funding LLC. *See* DE 5-2 (Notice of Recission).

Mere notice does not, however, "effectuate recission." *Lavis*, 40 F.4th at 188. The Fourth Circuit has stressed that courts "must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the recission has, in fact, been completed and the contract voided." *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 277 (4th Cir. 2012). For

6

recission to be complete, a borrower must "tender[] the loan proceeds or reasonable value thereof pursuant to the agreement between the parties[.]" *Boster v. TIAA, FSB*, 712 F. Supp. 3d 743, 751 (S.D. W. Va. 2024); *see also Lavis*, 40 F.4th at 188 (holding that "notice does not effectuate recission and that tender is a critical part of obtaining recission relief"). Plaintiff does not allege that she tendered the value of the loan proceeds back to her creditor, *see generally* DE 5, so her mailed notice "[did] not result in an automatic recission of the loan." *See Lavis*, 40 F.4th at 191. Accordingly, she has not stated a claim for relief, and her objection is overruled.[3]

### D. Denial of Counsel Objection

Fourth, Plaintiff argues that Judge Jones should not have denied her  motion to appoint counsel because she is a "disabled pro se litigant." *See* DE 47 at 3. In civil cases, pro se litigants "do[] not have an absolute right to the appointment of counsel." *Miller v. Simmons*, 814 F.2d 962, 965 (4th Cir. 1987). Instead, to obtain appointed counsel, a litigant must demonstrate "exceptional circumstances." *Id.* "Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Hall v. Holsmith*, 340 Fed. Appx. 944, 946 (4th Cir. 2009) (per curiam) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)). For the reasons explained above, Plaintiff has not presented a colorable claim for relief. Accordingly, she has not presented "extraordinary circumstances" warranting the appointment of counsel. *See  Miller*, 814 F.2d at 965. Her objection is overruled.

---

[3] The court also notes that in any event Plaintiff's claim is barred by the applicable one-year statute of limitations. *See* § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation[.]"). As Judge Jones noted, Plaintiff first filed this action on September 5, 2025, almost two years after the refinancing loan closed and Plaintiff attempted to rescind. *See* DE 44 at 14–15. Notably, Plaintiff does not object to this portion of the M&R, which the court adopts in full.

7

E.    Unparticularized Objections

Finally, Plaintiff objects to Judge Jones' findings on her claims under RESA, FDCPA, the North Carolina Unfair and Deceptive Trade Practices Act and her claims for fraud and the unauthorized practice of law.  *See* DE 47 at 2, 5.  However, Plaintiff does not provide any explanation for these objections and, more importantly, does not address Judge Jones' rationale regarding any of these claims.  Because these "general and conclusory objections . . . do not direct the court to a specific error" in the M&R, the court reviews only for clear error.  *See Orpiano*, 687 F.2d at 47.  Having done so, and finding none, the court overrules Plaintiff's objections and adopts the rationale contained in these portions of the M&R as its own.  *See See Diamond*, 416 F.3d at 315.

## IV.    Conclusion

For the reasons stated herein, the court finds it lacks subject matter jurisdiction over Plaintiff's claims that seek federal review of the state foreclosure order.  In all other respects, the court finds that Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, Plaintiff's Amended Complaint [DE 5] is DISMISSED.  The remaining motions at DE 23, 25, 26, 34, 37, 39, and 45 are DENIED WITHOUT PREJUDICE.  The Clerk is DIRECTED to close the case.

SO ORDERED this _____29th_____ day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8